# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| LESLIE SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| PROFESSIONAL FINANCE | ) | **COMPLAINT WITH** |
| COMPANY, INC., | ) | **JURY TRIAL DEMAND** |
| | ) | |
| Defendant | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1.   Plaintiff, Leslie Scott, is a natural person who resides in Wilkinson County, Georgia.

2.   Defendant, Professional Finance Company, Inc., (hereinafter "PFC") is a corporation authorized to do business in Georgia and can be served with its

registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Venue is proper in the Macon Division because the conduct complained of herein occurred in Wilkinson County.

## FACTUAL ALLEGATIONS

7. Plaintiff is a 60-year-old woman with deteriorating health. She is disabled, unable to engage in competitive employment, and is in the process of obtaining disability insurance benefits through the Social Security Administration.

8. Plaintiff is allegedly obligated to pay a consumer debt arising out of medical service and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant is a collection agency specializing in the collection of consumer debt.

10. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

11. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

12. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. As a result of Plaintiff's disability and inability to engage in regular employment, she has become delinquent on a number of accounts, most resulting from medical treatment.

14. The Plaintiff is desirous of getting control over her debt and working out a plan to resolve what she owes to various creditors. A critical part of this is obtaining clear information regarding each account and how each is being collected so that she can prioritize payment decisions.

15. As part of this effort, the Plaintiff obtained a copy of her credit report as published by Equifax.

16. In reviewing this report she noted an account being reported by Defendant with which she was unfamiliar.

17. On or about April 12th, 2021 Plaintiff initiated a call to Defendant to obtain more information.

18. The Plaintiff was connected with an individual identifying herself as "Rebecca," from Professional Finance Company. After verifying the Plaintiff's identity through her address, social security number and date of birth, Rebecca confirmed that PFC was collecting a debt from Central Emergency Group in the amount of $386.09. The Defendant's agent stated that this was an emergency room physician's bill and asked if the Plaintiff was going to pay it in full.

19. The Plaintiff responded that she could not, that she had talked with someone at PFC earlier that same day, and was calling to try and limit the hours in which PFC called the Plaintiff in its efforts to collect the debt. This was important to the Plaintiff due to her disability and medication regimen.

20. The Defendant responded that there was no way to schedule specific times in its systems but that they could cease communication so the Plaintiff is not called again, and they would rely on the Plaintiff reaching out to them. The Plaintiff indicated that this was agreeable.

21. The Defendant then asked if the Plaintiff wanted to make an offer "to settle this account," stating that they are doing discounts for payment in full. The

Plaintiff asked what the discount was, and the Defendant responded that it was 40 percent, or almost half.

22. Based on her personal experience and the ordinary usage of the term "settle" related to her other consumer debt the Plaintiff understood this to mean that the claim being collected by the Defendant subject to suit thus generating a "settlement offer".

23. The account in collection by the Defendant and which is the subject of its letter was based on medical services that were provided on July 14th, 2016, per Defendant's credit report.

24. The account in collection with the Defendant is subject to a statute of limitations of no more than four years per O.C.G.A. § 9-3-26.

25. Upon information and belief, the statute of limitations applicable to the Defendant's claim expired no later than October 15, 2020.

26. Accordingly, the Defendant's claim is not subject to enforcement through legal action.

27. Whether a debt is barred by an applicable statute of limitations is fundamental to the debt's character and legal status. *See Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1260 (11th Cir. 2014)* (explaining the significance to debtors of statutes of limitations in determining a debt's legal status), *cert. denied*, *135 S. Ct. 1844, 191 L. Ed. 2d 724 (2015)*.

28. Although this nondisclosure is itself sufficient to violate the FDCPA, the letters go one step further by asking the consumer to "settle" his or her account. Such settlement offers serve only to compound confusion over the debt's true character or legal status, as a consumer researching what "settlement" means would reasonably find the dictionary's definition of the term: "an act of bestowing or giving possession under legal sanction." *Settlement*, Merriam-Webster, *http://www.merriam-webster.com/dictionary/settlement* (last visited November 1, 2020); *see also Settlement*, Black's Law Dictionary (10th ed. 2014) (defining the term to mean "[a]n agreement ending a dispute or lawsuit"). Consequently, an offer of "settlement" is misleading by failing to disclose that the debt it seeks to collect is time-barred and by giving the false impression that Defendant could sue to enforce the debt. *Palmer v. Dynamic Recovery Sols., LLC*, No. 6:15-cv-59-Orl-40KRS, 2016 U.S. Dist. LEXIS 59229 (M.D. Fla. May 4, 2016).

29. A communication from a creditor offering a "settlement" on a debt that is time-barred creates confusion about a creditor's right to sue and violates § 1692e(2)(A). *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393 (6th Cir. 2015); *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507 (5th Cir. 2016); see also, *Holzman v. Malcolm S. Gerald & Associates, Inc.*, 920 F.3d 1264, 1271 (11th Cir. 2019).

30. At no time during their communications did the Defendant advise the Plaintiff that the applicable statute of limitations had expired or that it could be revived as a result of Plaintiff complying with its requests to begin partial payments.

31. As described herein, Defendant advised Plaintiff that the debt was from Central Georgia Emergency Group and was an emergency room bill. Defendant did not disclose any other information about the current holder of the debt and Plaintiff naturally concluded it was her service provider.

32. Given her condition, this weighs heavily in her analysis of how to prioritize her debt as she is likely to need emergency care in the future.

33. However, Plaintiff has come to believe and hereby avers that this was a false representation by the Defendant and that the debt is, in fact, owned by Cascade Capital, Inc., a national debt-buyer focusing on defaulted medical debt.

**INJURIES-IN-FACT**

34. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

35. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

36. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

37. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

38. Defendants acts and omissions caused particularized harm to the Plaintiff in that it interfered with her ability to prioritize her debt.

39. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

40. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Confusion related to the Plaintiff's belief, based on Defendant's representations, that the sum being collected was for an on behalf of her medical provider and that it was subject to legal enforcement for collection;

c.) This adversely impacted the Plaintiff's ability to prioritize debt payments;

d.) Uncompensated time expended away from activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et. seq.

*Violations of 15 U.SC. § 1692e and its subparts*

41. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

42. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

43. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt

collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

44. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

45. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

46. Defendant's representations and implications regarding the current holder of the debt and its proposal a settlement form a time-barred debt were violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10). *See*, *Lopera v. Midland Credit Mgmt., Inc.*, 2016 WL 6650744 (M.D. Fla. Nov. 10, 2016) (denying dismissal of §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f claims based on letter offering to "resolve your unpaid" debt through payment plan, without disclosing that statute of limitations could be revived by partial payment or agreement to pay).

## COUNT II

**VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT**
**O.C.G.A. § 10-1-390, et seq.**

47. Plaintiff incorporates by reference paragraphs 1 through 46 as though fully stated herein.

48. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

49. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

50. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

51. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

52. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

53. Defendant's conduct has implications for the consuming public in general.

54. Defendant's conduct negatively impacts the consumer marketplace.

55. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

56. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

57. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

58. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

59. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

60. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 23 day of September 2021.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*